UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRENT WEST,
    Plaintiff,

v.

ULTIMATE METALS CO., et al.,
    Defendants.

Case No. 13-cv-03651-WHO   (MEJ)

**DISCOVERY ORDER**

Re: Dkt. No. 57

Plaintiff Trent West is the inventor and owner of U.S. Patents 6,928,734, 7,032,314 and 7,761,996, which relate to tungsten carbide rings and methods of making them.  He asserts infringement of the named patents by Defendants Ultimate Metals Co., Sea of Diamonds, Zenga Inc., Bonndorf, and Peora, who are wholesale distributors of jewelry.  Now before the Court is a joint discovery dispute letter concerning West's responses to Defendant Peora's Interrogatories Nos. 1 and 2.  Dkt. No. 57.

**<u>Interrogatory No. 1</u>**

This interrogatory seeks information about the conception and reduction to practice of the claimed inventions:

> Please identify and describe in detail, and state the date of, the conception and reduction to practice of the inventions claimed in the claims of the patents-in-suit that West alleges are infringed by Defendants, including by identifying all persons with knowledge of the foregoing and by describing all documents related to the foregoing.

Jt. Ltr., Ex. 1 at 2.  In response, West stated:

> At this time West relies on his initial filing date for conception and reduction to practice. West reserves the right to amend this interrogatory response if defendant provides evidence of invention

prior to West's filing date.

*Id.*

Peora argues that this response is non-responsive, and that "simply referring to 'his initial filing date' fails to identify any date at all—indeed, West is asserting three different patents in this case, each of which presumably has a different 'initial filing date.'" Jt. Ltr. at 1. Peora further argues that the interrogatory did not seek a statement as to the date on which West "relies" for conception and reduction to practice—it asked for the date and details of West's alleged conception and reduction to practice. *Id.* Peora maintains that West may not refuse to respond to discovery until Peora comes forward with some sort of "evidence" that is satisfactory to him. *Id.*

In response, West argues that Peora's Interrogatory No. 1 is an impermissible attempt to "go fishing" and is not a discovery request authorized by the Federal Rules. *Id.* at 3. West further argues that the presumption of patent validity excuses him from any discovery on conception or reduction to practice other than his constructive date absent a factual showing by Peora that said dates are at issue. *Id.*

Under Federal Rule of Civil Procedure 26(b)(1), "[a] party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information "need not be admissible at the trial" so long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.* In patent cases, the conception and reduction to practice dates are relevant to a party's defenses because they are related to the priority date, which the defendant "must beat to show that the claims are invalid over the prior art." *Digital Reg. of Texas, LLC v. Adobe Sys. Inc.*, 2013 WL 5442269, at *4 (N.D. Cal. Sept. 30, 2013) (internal quotation omitted); *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004).

Here, West argues that Peora does not assert prior invention in its counterclaims. However, the Court finds that the conception and reduction to practice of the inventions claimed are relevant or, at a minimum, reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court GRANTS Peora's request for a further response. If West believes in good faith that he is unable to state a specific date or dates, he shall state with clarity

2

the approximate date or dates of conception he intends to claim in this action. *Boston Scientific Corp. v. Micrus Corp.,* 2007 WL 174475, at *1 (N.D. Cal. Jan. 22, 2007).

**Interrogatory No. 2**

Peora's Interrogatory No. 2 seeks information about West's claims to priority in earlier applications and, specifically, where the alleged inventions were purportedly disclosed in the supposed priority applications by column and line number:

> Please identify any patent or patent application to which the claims of the patents-in-suit are allegedly entitled to claim priority and identify by column and line number where the claimed invention(s) is/are disclosed in any such priority patent or patent application.

Jt. Ltr., Ex. 1 at 3. West responded as follows:

> Patent Nos. 7,032,314 and 7,761,996; Application No. 60/058,136; 9/8/1997.
>
> Patent No. 6,928,734; Application No. 10/426,054; 4/28/2003.

*Id.*

Peora argues that if West disclosed the claimed inventions in earlier patent applications, he can readily identify where that disclosure was made. Jt. Ltr. at 2. In response, West argues that this interrogatory suffers from the same fishing expedition problems as Interrogatory No. 1. *Id.* at 3. West further argues that, notwithstanding the impropriety of Interrogatory No. 2, he has answered Peora's request pursuant to Rule 33(d). West maintains that the identified documents have been produced to Peora and that "Peora can do its own work." *Id.*

The Federal Rules of Civil Procedure provide a process for the designation of documents in response to interrogatories as follows:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served ... and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained . . . . A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

3

1  Fed. R. Civ. P. 33(d).  In order for a party to take advantage of the alternative procedure set forth
2  in Rule 33(d), the burden of deriving or ascertaining the answer must be substantially the same for
3  the party serving the interrogatory as for the party served, and the party responding must specify in
4  sufficient detail where the answers can be found.  *Rainbow Pioneer No. 44–18–04A v. Hawaii–*
5  *Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir.1983); *O'Connor v. Boeing North Am., Inc.*, 185
6  F.R.D. 272, 277 (C.D. Cal. 1999).

7      Here, Peora's argument focuses on West's interrogatory response and not the records
8  produced, and it is therefore not clear whether West's response that the information requested can
9  be found in business records is adequate under Rule 33(d).  However, at a minimum, West must
10  specify where in the documents Peora can find the requested information.  Accordingly, Peora's
11  request is GRANTED IN PART.  The Court finds that West may respond to Interrogatory No. 2
12  by specifying records from which the answers may be obtain; however, he must specify where in
13  the records the answers can be found.
14      **IT IS SO ORDERED.**

16  Dated: February 3, 2014

17  _____
18  MARIA-ELENA JAMES
    United States Magistrate Judge

4