UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT WEST,<br><br>        Plaintiff,<br><br>    v.<br><br>ULTIMATE METALS CO., et al.,<br><br>        Defendants. | Case No. 13-cv-03651-WHO   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 66 |

On February 11, 2014, the parties filed a joint discovery dispute letter regarding Plaintiff Trent West's Patent Local Rules 3-1 and 3-2 infringement contentions. Dkt. No. 66. In the letter, the parties attest that lead counsel for Defendants Peora and Zenga, Inc. traveled to the offices of Plaintiff to meet and confer in person on February 10, 2014, regarding the infringement contentions but they have been unable to resolve this dispute. However, the parties also state that Plaintiff provided amended infringement contentions on February 11, one day after the parties met. As the current dispute concerns contentions that Plaintiff amended after the parties' meet and confer, the Court finds this dispute is not ripe for a court ruling; instead, the parties must meet and confer in an attempt to resolve their dispute based on the amended contentions. If they are still unable to resolve their dispute, the parties may then file a revised joint letter.

As the parties prepare to meet and confer, Plaintiff should be mindful of his obligations under the Patent Local Rules. Plaintiff is advised that his infringement contentions must comply with Local Rule 3-1(b), which requires that he provide:

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model

> number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.

To comply with Rule 3-1(b), it is not enough for Plaintiff to attach copies of printouts of web pages.

Plaintiff is also advised that his infringement contentions must comply with Rule 3-1(c), which requires that he also provide:

> A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function

It is not enough for Plaintiff to respond that the method is not found in the accused products; instead, he must provide an identification of "specifically where each limitation of each asserted claim is found within each Accused Instrumentality." *Id.*

Further, if, as Defendants argue, there is more than one "viable way" for making the accused rings, Plaintiff's reference to a "commercially viable way" does not meet the requirement of Rule 3-1 for an identification of "specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Plaintiff must specify the method(s) used that are alleged to infringe upon his patents.

Finally, as part of the meet and confer process, the Court recognizes that Plaintiff may need to provide revised infringement contentions to comply with these requirements. Thus, any pending discovery deadlines that relate to Plaintiff's infringement contentions or responses thereto are STAYED pending resolution of this dispute.

**IT IS SO ORDERED.**

Dated: February 12, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge