UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT WEST,<br>        Plaintiff,<br>    v.<br>ULTIMATE METALS CO., et al.,<br>        Defendants. | Case No. 13-cv-03651-WHO   (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 73 |

On April 8, 2014, the parties filed a joint discovery dispute letter regarding Plaintiff Trent West's Patent Local Rule 3-1 infringement contentions. Dkt. No. 73. The parties previously submitted this dispute to the Court on February 11 (Dkt. No. 66), but the Court found it was not ripe for resolution as Plaintiff had recently provided amended infringement contentions. Dkt. No. 69. Instead, the Court ordered the parties to meet and confer in an attempt to resolve their dispute based on the amended contentions. In the current letter, Defendants Peora and Zenga Inc. contend that Plaintiff has refused to comply with the Court's previous order and the patent local rules. They seek a protective order against further discovery (including Defendants' invalidity contentions) until Plaintiff complies with the requirements of Patent Local Rule 3-1 to provide sufficient infringement contentions.

In its February 12 Order, the Court advised Plaintiff that "[i]t is not enough for West to respond that the method is not found in the accused products; instead he must provide an identification of 'specifically where each limitation of each asserted claim is found within each Accused Instrumentality.'" Dkt. No. 69 at 2. The Court also instructed that if there is more than one "viable way" for making the accused rings, Plaintiff's reference to a "commercially viable way" does not meet the requirement of Rule 3-1 for an identification of "specifically where each

limitation of each asserted claim is found within each Accused Instrumentality." *Id.*

Defendants argue that Plaintiff's infringement contentions provide only vague and unsupported assertions. Jt. Ltr. at 2. Rather than follow the Court's previous order, Defendants argue that Plaintiff's contentions mimic the language of the asserted claims without providing a description of the specific acts he alleges constitute infringement. *Id.* Defendants point to Plaintiff's statement that the accused method is known as the "press and sinter" method that is "known in the industry," without a description of the specific acts that method entails. *Id.* Defendants request that the Court order Plaintiff to provide all reasonable information that is available to him. *Id.*

In response, Plaintiff argues that he has met his obligation under the patent local rules because he has disclosed his infringement theory and disclosed all relevant information "to the extent appropriate." *Id.* at 5. Plaintiff further argues that Rule 3-1 does not take into account offshore process patent infringers. *Id.* He cites to 35 U.S.C. § 295, which provides that a product shall be presumed to have been made from a process patented in the United States if "a substantial likelihood exists that the product was made by the patented process" and "the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable to so determine." Plaintiff argues that he "anticipates" he will invoke § 295 because Defendants do not manufacture the rings – they are manufactured in China by non-party companies. *Id.*

The patent local rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case." *DCG Sys. v. Checkpoint Techs., LLC*, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal citation and quotations omitted). "But a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *Id.* The purpose of Rule 3-1 is be "nit picky, to require a plaintiff to crystalize its theory of the case and patent claims." *Intertrust Techs. Corp. v. Microsoft Corp.*, 2003 WL 23120174, at *3 (N.D. Cal. 2003); *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115, at *2 (N.D. Cal. 1998) (Rule 3-1(c) is designed to "require parties to crystallize their

theories of the case early in the litigation and to adhere to those theories once they have been disclosed."). This requires that a plaintiff compare an accused product to its patents on a claim by claim, element by element basis for at least one of defendant's products. *Intertrust*, 2003 WL 23120174, at *2. To make such a comparison, "a plaintiff must put forth information so specific that either reverse engineering or its equivalent is required." *Id.*; *see also Implicit Networks, Inc. v. HewlettPackard Co.*, 2011 WL 3954809, at *3 (N.D. Cal. 2011).

Here, it is not clear that Plaintiff's infringement contentions provide all readily available information. While Plaintiff states that he has provided "all relevant information to the extent appropriate," it is not Plaintiff's role to determine what information in his possession is appropriate to provide; instead, he must disclose *all information in his possession that is reasonably available*. *DCG Sys.*, 2012 WL 1309161, at *2. For instance, if Plaintiff claims that all of Defendants' rings listed in his infringement contentions "consist of at least 50 weight percent to less than 85 weight percent tungsten carbide," and the actual weight percent tungsten carbide in each ring is information that is reasonably available to him, he must provide that information as part of his disclosures. *Network Caching Tech. LLC v. Novell, Inc.*, 2002 WL 32126128, at *5-6 (N.D. Cal Aug. 13, 2002) (requiring further detail where infringement contentions were "replete with vague discussions of claim terms" and merely "mimic[ked] the language of the claim"); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F.Supp.2d 1022, 1026 (N.D. Cal. 2010) ("vague contentions and conclusory statements" which invite defendants and the court to assume that a limitation exists fall short of providing a "meaningful description of its theories" under Patent L.R. 3-1).

As another example, Plaintiff contends that "the method of making the accused rings [is] what is known in the industry the 'press and sinter' method and subsequently finishing by grinding, polishing, and/or attaching additional features, such as gemstones," yet this provides no description of the specific acts that Plaintiff alleges constitute infringement. Plaintiff states that "press and sinter" is "known in the industry" but fails to say what "press and sinter" is actually known as. Thus, Plaintiff's contentions do not provide the "nit picky" level of detail that the "reverse engineering or its equivalent" standard requires. *Intertrust*, 2003 WL 23120174, at *2-3;

1   *GN Resound A/S v. Callpod, Inc.*, 2013 WL 1190651, at *4 (N.D. Cal. Mar. 21, 2013).

2     As to Plaintiff's 35 U.S.C. § 295 argument, the Court finds it premature at best.  Rule 3-1
3   only requires Plaintiff to disclose information that is reasonably available to him.  This does not
4   include information from Chinese manufactures that is not already in his possession.  Regardless,
5   Plaintiff contends he has determined the actual process use to make the accused product, namely,
6   the "press and sinter method."  Thus, by his own reasoning, § 295 does not excuse him from
7   compliance with Rule 3-1.

8     Accordingly, Defendants' request is GRANTED.  Plaintiff shall have 21 days to amend his
9   contentions.

10    **IT IS SO ORDERED.**

12  Dated: April 10, 2014

14             MARIA-ELENA JAMES
           United States Magistrate Judge